IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ROBERTSON ) | |
| ) | |
| V. ) | 3-98-CV-2768-G |
| ) | |
| GARY JOHNSON, DIRECTOR, TEXAS ) | |
| DEPARTMENT OF CRIMINAL JUSTICE ) | |
| INSTITUTIONAL DIVISION ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. §2254.

Statement of the Case: Upon his plea of not guilty to the offense of capital murder as charged in the indictment returned in Cause No. F-89-85961-NL Robertson was tried by a jury which found him guilty of capital murder. Thereafter in the punishment phase the jury gave affirmative answers to special issues 1 and 2 as a result of which in accordance with Texas state law he was sentenced to death.

His capital murder conviction was automatically reviewed by the Texas Court of Criminal Appeals in his appeal from his conviction. That court affirmed his conviction on December 8, 1993. Robertson v. State, 871 S.W.2d 701 (Tx.Crim.App. 1993). Robertson in turn filed a petition for writ of certiorari in the United States Supreme Court which was denied on October



3, 1994. Robertson v. Texas, 513 U.S. 853, 115 S.Ct. 155 (1994).

Robertson filed an application for habeas corpus relief in the convicting court on April 14, 1997, pursuant to art. 11.071, Texas Code of Criminal Procedure. The trial court conducted an evidentiary hearing on November 21, 1997, and thereafter filed written findings of fact and conclusions of law, recommending that the relief sought be denied. On November 18, 1998, the Court of Criminal Appeals adopted the trial court's findings of fact and conclusions of law and accordingly denied relief in an unpublished order. The present petition was filed in this court on November 23, 1998. In response to the petition and this court's show cause order Respondent has filed his answer and motion for summary judgment together with copies of Robertson's prior state proceedings. It is not claim that Robertson has failed to exhaust state remedies and accordingly this petition is before the court for decision on the merits.

Findings and Conclusions: Robertson's petition, being filed in this court on November 23, 1998, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). As observed by the Fifth Circuit in McFadden v. Johnson, 166 F.3d 757, 759 (5th Cir. ), cert. denied ___ U.S. ___, 120 S.Ct. 369 (1999), with the passage of the AEDPA "Congress has narrowed [federal courts'] authority in habeas review of state convictions to asking if the adjudication by the state courts was an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States."[1]

---

[1]Contemporaneously with the filing of his petition Robertson filed his "Motion Not to Apply the Provisions of the AEDPA" claiming that had the Texas courts appointed him counsel sometime after his conviction became final on October 3, 1994 and prior to the filing of his state habeas corpus application on April 9, 1997, he could have exhausted state remedies and filed his federal petition prior to April 24, 1996, the date on which the AEDPA became effective. The United States Supreme Court has unequivocally held that the ADEPA applies to state prisoner petitions filed on or after April 24, 1996. Lindh v. Murphy, ___ U.S. ___, 117 S.Ct.

In his first ground for relief Robertson claims that the trial court erred in failing to incorporate in its guilt-innocence charge to the jury the lesser included offense of murder. In support of this claim he cites the Supreme Court's decision in <u>Beck v. Alabama</u>, 447 U.S. 625, 100 S.Ct. 2382 (1980) and <u>Schad v. Arizona</u>, 501 U.S. 624, 111 S.Ct. 2491 (1991).[2]

The Supreme Court's decision in <u>Beck</u> is inapposite to Petitioner's case both on the facts and the Court's <u>ratio decidendi</u>. In <u>Beck</u> the court reviewed an Alabama state statute which prohibited the trial judge in a capital murder case from giving the jury the option of convicting the defendant of a lesser included offense. 447 U.S. at 628-62 and at n. 3, 100 S.Ct. 2385 and at n. 3. In subsequent opinions the Court has further explained the basis for its decision in <u>Beck</u>.

In <u>Hopper v. Evans</u>, 456 U.S. 605, 610, 102 S.Ct. 2049, 2052 (1982), the Court observed that: "Our opinion in <u>Beck</u> stressed that the jury was faced with a situation in which its <u>choices were only to convict the defendant and sentence him to death or to find him not guilty</u>. The jury could not take a third option of finding although the defendant had committed a grave crime, it was not so grave as to warrant capital punishment" (Emphasis added). The Court also reiterated that the giving of a lesser includible offense instruction was only required when supported by the evidence. Id. at 612, 102 S.Ct. at 2053. Although the defendant-respondent was prosecuted under the same statute at issue in <u>Beck</u>, the Court reinstated his

---

2059, 2058 (1997). Accordingly Robertson's motion is frivolous as a matter of law.

[2]Robertson also cites <u>Keeble v. United States</u>, 412 U.S. 208, 93 S.Ct. 1993 (1973). However, <u>Keeble</u> does not address constitutional claims, but rather interprets federal statutory provisions, concluding that the statutes at issue authorized charging a federal jury on lesser included federal crimes.

3

capital murder conviction because there was no evidence to support a lesser included instruction.

In Schad v. Arizona, 501 U.S. 624, 647, 111 S.Ct. 2491, 2504 (1991), the Court stated: "Our fundamental concern in Beck was that a jury convinced that the defendant had committed some violent crime but not convinced that he was guilty of a capital crime might nonetheless vote for a capital conviction if the only alternative was to set the defendant free with no punishment at all."

Texas state law does not suffer from the same potential vice which was present in the Alabama statute. To the contrary, a charge on a lesser included offense must be given if the offense requested to be charged is a lesser included offense, and if there is some evidence in the record that if the defendant is guilty, he is guilty only of the lesser included offense. Royster v. State, 622 S.W.2d 442 (Tex.Crim.App. 1981) (opinion on rehearing) (plurality opinion) adopted, Aguilar v. State, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985).

In his federal writ Robertson argues that under the evidence presented at trial a jury could have concluded that he killed the murder victim, Edna Brau, for reasons other than to steal her property and that he decided to take her property as an afterthought - only after he had fatally wounded her. See petition at page 8.

This claim was exhausted when it was presented as a point of error in his direct appeal.[3] The Court of Criminal Appeals thoroughly examined the facts adduced at trial and concluded

---

[3] Although he re-asserted this claim in his art. 11.071 application, in the trial court's findings the judge essentially reiterated the same facts recited in the Court of Criminal Appeals's decision which affirmed his capital murder conviction. See Application No. 30,077-01, Findings of Fact and Conclusions of Law , page 263, et seq. at pages 288-294, paragraphs 46 through 56. In a word, no new factual information relating to this claim was presented in the course of the evidentiary hearing.

that there was no evidence in the record that would have permitted a jury to rationally find that if Robertson was guilty, he was guilty only of the lesser included offense of murder. See Robertson v. State, supra, 871 S.W.2d at 706-707; see also the court's discussion of his closely related insufficiency of the evidence claim. Id. at 704-706.[4]

The Court of Criminal Appeals's determination that Petitioner was not entitled to a lesser included offense charge constitutes a mixed question of law and of fact. Under the AEDPA such a determination is governed by the provisions of 28 U.S.C. §2244(d)(1). E.g. Bolden v. Warden West Tennessee High Security Facility, 194 F.3d 579, 583 (5th Cir. 1999). Further, before a disposition of a mixed law and fact issue can be disturbed or disregarded, it must be found that it was "unreasonable", that is that the state court decision is so clearly incorrect that it would not be debatable among reasonable jurists. Drinkard v. Johnson, 97 F.3d 751, 767-68 (5th Cir. 1996) overruled on other grounds, Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997). Robertson cannot discharge this heavy burden, and therefore relief on this ground should

---

[4]The guilt-innocence portion of the record is wholly devoid of any evidence that Robertson was a sociopath or that he killed Ms. Brau to avoid detection of the murder of her grandson.

5

be denied.[5]

In his second ground for relief Robertson complains of a portion of the court's punishment phase instructions in which the court advised the jury that if for any reason the jury believed from mitigating circumstances Defendant should not be assessed a death sentence it should answer at least one of the special issues "no".[6]

In his direct appeal Petitioner complained of this instruction on slightly different grounds than that asserted in his state habeas application and in the present petition. Robertson, supra, at 710. He now claims that the nullification instruction violated the Eighth and Fourteenth Amendments because it arbitrarily and capriciously forced the jurors either to give a false answer to a statutory special issue or to disregard mitigating evidence that made a death sentence inappropriate. He cites three Supreme Court decisions in support of this claim, to wit: Woodson v. North Carolina, 428 U.S. 280, 293, 302-04, 96 S.Ct. 2978, 2985, 2989-91 (1976); Roberts v. Louisiana, 418 U.S. 325, 335, 96 S.Ct. 3001, 3006-07 (1976); and Sparf v. United

---

[5]Robertson's reliance on the Fifth Circuit's decision in Cordova v. Lynaugh, 838 F.2d 764, 757 (5th Cir.) cert. denied 486 U.S. 1061 (1988) is misplaced.
    First, the facts set out in Cordova are markedly different than those presented in the evidence adduced at Petitioner's trial - not the least of which was that the evidence was such that a jury could have found that his accomplice - not Cordova - had committed the robbery which rendered the murder a capital offense.
    However, more to the point and dispositive is the fact that under the AEDPA the only federal law which can be applied are the decisions rendered by the United States Supreme Court. §2254(d)(1). Accord, See Muhleisen v. Ieyoub, 168 F.3d 840, 844 and n. 2, cert. denied ___ U.S. ___, 120 S.Ct. 81, 145 L.Ed. 2d 69 (1999). Therefore, even if the decision in Cordova would have been binding precedent which required the granting of relief on this ground -a most dubious premise - had the petition been filed prior to April 24, 1996, the AEDPA forecloses its application in this case.

[6]The complete portion of the instructions which are at issue is quoted at pages 9-10 of Petitioner's brief. See also Robertson v. State, supra, 871 S.W.2d at 710.

States, 156 U.S. 51, 101, 15 S.Ct. 273, 293 (1895).[7] None of these cases addresses a jury instruction per se. Woodson addressed the North Carolina capital murder statute, passed after the Supreme Court's decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726 (1972), supra at 286-87, 96 S.Ct. 2982. Roberts addressed Louisiana's post-Furman death penalty statute, supra at 329-331, 96 S.Ct. 3004-05. Although Spraf involved a federal death penalty case, the portion of the opinion cited by Petitioner relates to the function of the court and that of the jury, holding that "it was competent for the court to say to the jury that, on account of the absence of all evidence tending to show that the defendants were guilty of manslaughter, they could not consistently with law, return a verdict of guilty of that crime." 15 S.Ct. at 293. Accord Hopper v. Evans, supra, at 612, 102 S.Ct. at 2053.

It is true that the plurality opinion of the court in Roberts noted that the Louisiana statute gave a jury the unfettered discretion - irrespective of the evidence - to return three types of guilty verdicts, at 329-331, 96 S.Ct. at 3004-05, but the Court did not address the instructions given at Roberts's trial. See also Hopper v. Evans, supra, at 612, 102 S.Ct. 2053. Moreover, the Texas death penalty statute is significantly different in that no such discretion is given to a jury in the guilt-innocence phase to find a defendant guilty of a lesser included crime unless raised by the evidence. The only discretion permitted, <u>after the defendant had been found guilty of capital murder</u>, is in the punishment phase when the jury can by its answers to the special issues either assess punishment at death or life imprisonment.

Reliance on these cases is further undermined by the fact that each was a direct appeal

---

[7]For the reasons stated in notes 5 and 6, supra, this court is precluded from considering federal circuit court opinions and/or state court opinions as persuasive or binding authority on this issue.

from a final state court conviction in which the Supreme Court granted certiorari. A §2254 petition in which a state prisoner raises a due process claim predicated on an alleged erroneous instruction is governed by the Supreme Court's decision in Henderson v. Kibbe, 431 U.S. 145, 155, 97 S.Ct. 1730, 1736 (1977) wherein the Court stated: "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process', Cupp v. Naughton, 414 U.S. 141, 137, 93 S.Ct. 396, 400 (1973), not merely whether 'the instruction is undesirable, erroneous, or even "universally condemned"' Id. at 146, 94 S.Ct. at 400."[8]

Robertson has not shown that the Supreme Court has ever held that the complained of instruction was erroneous. Indeed, the only court which appears to have considered the issue has held that it was an appropriate instruction. Robertson v. State, supra 871 S.W.2d at 710-11. Notwithstanding Robertson's argument as to the affect that the instruction would have on a jury, he cannot show any due process violation since the import of the instruction was to give him the benefit of allowing the jury another basis for declining to answer the special issues submitted in the punishment phase in a manner which would result in the imposition of a death sentence.

In his third and final ground for relief Robertson claims that his trial counsel and the prosecutor had an agreement to excuse or strike minority members of the jury venire on account

---

[8]Petitioner has not identified any Supreme Court case which holds that an "erroneous instruction claim" in a §2254 petition raises an Eighth Amendment issue.

of their race. It is clear that were such an agreement made that such an agreement would violate the constitutional standards imposed in Batson v. Kentucky, 476 U.S. 79, 86-89, 106 S.Ct. 1712, 1716-18 (1986), in depriving the minority venire persons of their right to serve on a petit jury in violation of the Fourteenth Amendment.[9]

However, the existence or non-existence of such an agreement is dependent upon factual determinations. In Petitioner's case and after an evidentiary hearing was held, the Texas state courts found that no such agreement occurred. See Application No. 30,077-01, Findings of Fact and Conclusions of Law, page 263, et seq at pages 274-284, paragraphs 20-38. The Texas Court of Criminal Appeals adopted the trial court's findings of fact in its unpublished order dated November 18, 1998.

Under the AEDPA "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. §2254(e)(1). The burden on a petitioner in attacking a state court's findings of fact is no less formidable than that imposed when an insufficiency of the evidence claim is made. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). Further a federal court cannot grant habeas corpus relief in the face of such fact findings unless such findings constitute "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". Id. at §2254(d)(2).

---

[9]However, it is doubtful that such a violation would entitle a defendant, whose counsel participated in such an agreement, to relief pursuant to §2254. See Mata v. Johnson, 99 F.3d 1261, 1268-71 (5th Cir. 1996) vacated in part on rehearing on other grounds 105 F.3d 209 (5th Cir. 1997). Further this court could not grant relief on this basis, even if it disagreed with the holding in Mata, since the applicable law is that "clearly established Federal law, as determined by the Supreme Court of the United States." §2254(d)(1); See also notes 5 and 6, supra. It is undisputed that the Supreme Court has not yet addressed a Batson claim where a criminal defendant himself was responsible for the violation.

Following exhaustion of the avenues available in the direct appeal of his conviction Robertson filed a state application pursuant to art. 11.071. Procedure in death penalty case, in the convicting trial court. On November 21, 1997, an evidentiary hearing was held before the Honorable Pat McDowell, the same judge who presided at Petitioner's trial. Five witnesses were called, consisting of the prosecutors at trial and counsel who represented Petitioner at trial.

Judge McDowell in turn filed his findings with respect to this claim as well as the other claims asserted in Robertson's state application. As noted above, the trial court made numerous and detailed findings of fact on this issue. In an attempt to overturn the State court findings, Robertson points to portions of the evidentiary hearing testimony which he claims are inconsistent with other portions of a witness's testimony or which testimony conflicts with the testimony of other witnesses. See Petition at page 20. However, it is clear from a review of the Statement of Facts from the hearing that there was evidentiary support for each fact finding. The fact that the trial judge made credibility choices between conflicting testimony is precisely the type of decision which is within the fact finder's province and authority and cannot be a basis for holding that the State court findings constitute an unreasonable determination of facts in light of the evidence. Given the presumption of correctness which applies, and the fact that no agreement to violate Batson occurred, it is unnecessary to decide what relief Robertson would be entitled to on this ground were the facts as he wishes they were.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for the parties.

_____
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that a party wishes to object to this recommendation, you are hereby notified that you must file your written objections within twenty days after being served with a copy of this recommendation. Pursuant to Douglass v. United States Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc) a party's failure to file written objections to this recommendation within such twenty day period may bar a de novo determination by the District Judge of any findings of fact or conclusions of law and shall bar such party, except upon grounds of plain error from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the District Court.